UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SHAUN J. SPECTOR**<br>340 West Flagler Street 1702<br>Miami, FL 33130<br><br>Plaintiff,<br><br>v.<br><br>**LIME CELLULAR, LLC**<br>211 Monmouth Road<br>West Long Branch, NJ 07764<br><br>AND<br><br>**ACE SALONS, LLC D/B/A SUPERCUTS**<br>44 West Flagler Street, Suite 425<br>Miami, FL 33130<br><br>Defendants. | **Complaint for a Civil Case**<br><br>**Case No. 1:16-cv-24762**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR VIOLATIONS

Plaintiff, Shaun J. Spector, by and through his undersigned counsel alleges as follows:

### INTRODUCTION

1. Plaintiff, Shaun J. Spector ("Plaintiff"), brings this action for damages, injunctive relief, and declaratory relief from the illegal actions of Lime Cellular, and Ace Salons, LLC d/b/a Supercuts ("Supercuts") (collectively referred to as "Defendants").

2. Defendants sent unauthorized, automated text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

1

3. In an effort to market Supercuts' services, Defendants established an automated text messaging program which offered discounts to consumers via automated text messages to their cellular telephone.

4. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone and email, have increasingly looked to alternative technologies through which to send bulk-solicitations cheaply.

5. Due to growing concern over unwanted text message advertisements, as of October 16, 2013, senders of these messages must obtain prior written consent.

6. Defendants lacked the prior express written consent required to send consumers automated text messages under the TCPA. Plaintiff is one such consumer, and sues Defendants for its TCPA violations.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff is seeking redress for violations of the TCPA, a federal statute. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff, Shaun J. Spector, is, and at all times mentioned herein was, an adult individual residing in Florida, within this judicial district.

10. Defendant, Lime Cellular, LLC, is a New Jersey limited liability company with an address at 211 Monmouth Road, West Long Branch, NJ 07764. Lime Cellular is a technology company

which provides a platform to allow business to develop and launch mobile campaigns in minutes. Upon information or belief, Lime Cellular reached into the district to provide services to Supercuts and provided to or operated on behalf of Supercuts the mobile messaging campaign at issue in this case.

11. Defendant, Ace Salons, LLC d/b/a Supercuts, is a Florida limited liability company with an address at 44 West Flagler Street, Suite 425, Miami, FL 33130. Ace Salons operates a Supercuts hair salon as a franchisee of the national Supercuts franchise. The Supercuts salon is located at 1364 Washington Avenue, Miami Beach, FL 33139

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random

or sequential number generator; and

(B) to dial such numbers.

15. In 2015, the Federal Communications Commission ("FCC") reaffirmed its long standing position on the definition of ATDS:

> Congress intended a broad definition of autodialer, and . . . the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the "capacity" to dial random and sequential numbers, rather than the "present ability" to do so. Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.

3

*FCC Declaratory Ruling and Order*, FCC 15-72, ¶ 15 (July 10, 2015).

16. "Prior express written consent" is required before making automated telemarketing calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200; *see also FCC Declaratory Ruling and Order*, FCC 15-72, ¶ 98 (July 10, 2015).

17. The FCC has clarified that text messages qualify as "calls" under the TCPA:

> We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the party is charged." **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) (emphasis supplied)*; see Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3d Cir. 2013).

**FACTS COMMON TO ALL COUNTS**

18. On April 7, 2016, Defendants sent a text message to Plaintiff's cellular telephone, 914-XXX-7349 (redacted to protect the Plaintiff's privacy). The message read "Supercuts Savers! Reply 'Yes' to receive $3 OFF any haircut!"

19. The "from" field of this transmission was identified as 71441. All subsequent messages were sent from this number as well.

20. The short-code, 71441, is associated with Lime Cellular.

21. Plaintiff replied "Yes".

22. Defendants then placed two automated messages to Plaintiff reading "Supercuts S. Beach Thank you for joining SUPERCUTS mobile saver program! Stay tuned for specials and discounts. 2msg/month. Reply HELP for help. Reply STOP to cancel. Msg&Data Rates May Apply."

23. On April 19, 2016, Defendants sent a text message reading "Reply 'YES' to opt-in and receive text msgs from Supercuts Hewitt. No purchase necessary."

24. Plaintiff replied "No".

25. On April 30, 2016, Defendants continued to market Supercuts's services and products in the text messages and thus constituted "telemarketing." That day, Defendants sent Plaintiff three text messages.

26. On May 4, 2016, Plaintiff received a two text messages stating "Talented STYLISTS wanted. Reply Yes for more information." Plaintiff replied with a text message stating "STOP."

27. The automated system replied "You have been unsubscribed and will no longer receive messages from Supercuts."

28. Defendants continued to market services and products in the text messages despite Plaintiff's efforts to stop them.

29. On May 5, 2016, Plaintiff received another message stating "SUPERCUTS Super Mom Get your coupon at…."

30. Plaintiff immediately responded "STOP."

31. On June 2, 2016, Defendants sent Plaintiff another automated text message stating "Supercurts Savers! Reply "YES" to receive $3 OFF any haircut!" to which Plaintiff again replied "STOP".

32. On July 5, 2016, Supercuts sent another as via text message, in this case, "Supercuts Savers! Reply "YES" to receive $3 OFF any haircut!"

33. Later, on July 5, 2016, Plaintiff again tried to unsubscribe from these messages but typing "STOP" and received a message stating, "You have been unsubscribed and will no longer receive messages from Supercuts S. Beach. For help call: 1-877-443-TEXT."

34. On August 17, 2016, Defendants sent Plaintiff another text stating "Supercuts Savers! Reply "YES" to receive $3 OFF any haircut!"

35. On September 2, 2016, Plaintiff received another text, "Supercuts is hiring! $50 sign on bonus! Competitive wages, commissions & benefits! Reply 'YES' for more information."

36. On September 12, 2016, Plaintiff received another text message "Supercuts Savers! Reply 'YES' to receive $3 off any haircut!"

37. On October 12, 2016, Plaintiff received another text message "Supercuts Savers! Reply "YES" to receive $3 OFF any haircut!"

38. The text messages received by Plaintiff were fully automated. The content of the messages received by Plaintiff was repetitive, template-based and impersonal to Plaintiff.

39. The text messages sent to Plaintiff's cellular phone by Defendants were made with an ATDS as defined by 47 U.S.C. § 227(a)(1) and the FCC. Defendants' system placed the texts automatically, using a list or database of telephone numbers and dialing without human intervention.

40. Moreover, the ATDS had the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator, or from a database of numbers, and to text thousands of such numbers without human intervention.

41. Defendants did not send the text messages for an emergency purpose.

42. The text messages have annoyed and harassed the Plaintiff and invaded his privacy by sending unwanted messages to his cellular device.

43. Defendants acted either intentionally or negligently in texting Plaintiff as described herein.

## COUNT I
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227, *ET SEQ.* – AGAINST ALL DEFENDANTS

44. Plaintiff repeats and re-alleges paragraphs 1-43 of this Complaint and incorporates them herein by reference.

45. Defendants knowingly and/or willfully sent multiple automated text messages to cellular number belonging to Plaintiff without his prior express written consent.

46. Each of the aforementioned messages by Defendants constitute a knowing and/or willful violation of the TCPA.

47. As a results of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each text in violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

48. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future.

49. Further, Plaintiff is entitled to and to seek a declaration from Defendants that:

   a. Defendants knowingly and/or willfully violated the TCPA;

   b. Defendants knowingly and/or willfully used an ATDS to message Plaintiff;

   c. Defendants knowingly and/or willfully messaged Plaintiff with telemarketing text messages knowing it did not have his prior express written consent to do so.

## COUNT II
## NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION
## ACT, 47 U.S.C. § 227, *ET SEQ.* – AGAINST ALL DEFENDANTS

7

50. Plaintiff repeats and re-alleges paragraphs 1-43 of this Complaint and incorporates them herein by reference.

51. Defendants sent multiple automated text messages to a cellular number belonging to Plaintiff without his prior express written consent.

52. Each of the aforementioned messages by Defendants constitutes a violation of the TCPA.

53. Plaintiff is entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendants in the future.

55. Further, Plaintiff is entitled to and seek a declaration from Defendants that:

   a. Defendants violated the TCPA; and

   b. Defendants used an ATDS to send telemarketing text messages to consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants Plaintiff the following relief against Defendants as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

2. An award of the greater of actual or statutory damages for each message under Count I

3. Alternatively, an award the greater of actual or statutory damages for each message under Count II.

4. An award of attorneys' fees and costs to counsel for Plaintiff; and

5. Such other relief that the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

                                          Respectfully Submitted,

Date: November 15, 2016        /s/ Jesse Winograd
                                          Jesse Winograd, Esquire
                                          Florida Bar No. 14884
                                          Gowen Rhoades Winograd & Silva PLLC
                                          513 Capitol Court NE, Suite 100
                                          Washington, DC, 20002
                                          Phone: (202) 408-5400
                                          Fax (202) 499-1370
                                          jwinograd@gowenrhoades.com
                                          Attorney for Plaintiff, Shaun Spector