UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:16-cv-24762-Cooke

SHAUN J. SPECTOR

    Plaintiff,

v.

LIME CELLULAR, LLC, *et al.*,

    Defendants

_____/

## DEFENDANT ACE SALONS' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant Ace Salons, LLC d/b/a Supercuts ("Ace Salons") files this Answer, Affirmative Defenses, and Demand for a Jury Trial, and states as follows:

1. Ace Salons admits that Shaun J. Spector is the plaintiff in this action and that he seeks relief in the form of damages, injunctive relief, and declaratory relief, but denies that it engaged in conduct supporting the grant of such relief, illegal or otherwise.

2. Ace Salons denies the allegations in Paragraph 2 and demands strict proof thereof.

3. Admitted.

4. Ace Salons lacks sufficient information to admit or deny the allegations set forth in Paragraph 4. To the extent a response is deemed required, the allegations in Paragraph 4 are denied and Ace Salons demands strict proof thereof.

5. The allegations contained in Paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 5 are denied and Ace Salons demands strict proof thereof.

6. Ace Salons denies the allegations in Paragraph 6 and demands strict proof thereof.

7. Admitted.

8. Admitted.

9. Ace Salons lacks sufficient information to admit or deny the allegations set forth in Paragraph 9.

10. The allegations contained in Paragraph 10 consist of Plaintiff's characterization of Lime Cellular's business activities within the Southern District of Florida, to which no response is required. To the extent a response is deemed required, Ace Salons admits that Lime Cellular is located at the address alleged by Plaintiff. All other allegations in Paragraph 10 are denied and Ace Salons demands strict proof thereof.

11. Admitted.

12. The allegations contained in Paragraph 12 constitute a legal conclusion to which no response is required.

13. The allegations contained in Paragraph 13 constitute a legal conclusion to which no response is required.

14. The allegations contained in Paragraph 14 constitute a legal conclusion to which no response is required.

15. The allegations contained in Paragraph 15 constitute a legal conclusion to which no response is required.

16. The allegations contained in Paragraph 16 constitute a legal conclusion to which no response is required.

110052930.1

17. The allegations contained in Paragraph 17 constitute a legal conclusion to which no response is required.

18. Ace Salons denies the allegations in Paragraph 18 and demands strict proof thereof.

19. Ace Salons denies the allegations in Paragraph 19 and demands strict proof thereof.

20. Ace Salons denies the allegations in Paragraph 20 and demands strict proof thereof.

21. Ace Salons denies the allegations in Paragraph 21 and demands strict proof thereof.

22. Ace Salons denies the allegations in Paragraph 22 and demands strict proof thereof.

23. Ace Salons denies the allegations in Paragraph 23 and demands strict proof thereof.

24. Ace Salons denies the allegations in Paragraph 24 and demands strict proof thereof.

25. Ace Salons admits that as of April 30, 2016, it engaged in efforts to market certain products and services. All other allegations in Paragraph 25 are denied and Ace Salons demands strict proof thereof.

26. Ace Salons denies the allegations in Paragraph 26 and demands strict proof thereof.

27. Ace Salons denies the allegations in Paragraph 27 and demands strict proof thereof.

28. Ace Salons denies the allegations in Paragraph 28 and demands strict proof thereof.

29. Ace Salons denies the allegations in Paragraph 29 and demands strict proof thereof.

30. Ace Salons denies the allegations in Paragraph 30 and demands strict proof thereof.

31. Ace Salons denies the allegations in Paragraph 31 and demands strict proof thereof.

32. Ace Salons denies the allegations in Paragraph 32 and demands strict proof thereof.

33. Ace Salons denies the allegations in Paragraph 33 and demands strict proof thereof.

34. Ace Salons denies the allegations in Paragraph 34 and demands strict proof thereof.

35. Ace Salons denies the allegations in Paragraph 35 and demands strict proof thereof.

36. Ace Salons denies the allegations in Paragraph 36 and demands strict proof thereof.

37. Ace Salons denies the allegations in Paragraph 37 and demands strict proof thereof.

38. Ace Salons denies the allegations in Paragraph 38 and demands strict proof thereof.

39. Ace Salons denies the allegations in Paragraph 39 and demands strict proof thereof.

40. Ace Salons denies the allegations in Paragraph 40 and demands strict proof thereof.

41. Ace Salons denies the allegations in Paragraph 41 and demands strict proof thereof.

42. Ace Salons denies the allegations in Paragraph 42 and demands strict proof thereof.

43. Ace Salons denies the allegations in Paragraph 43 and demands strict proof thereof.

44. Ace Salons incorporates by reference its answers to Paragraphs 1-43 above as though fully set forth herein.

45. Ace Salons denies the allegations in Paragraph 45 and demands strict proof thereof.

46. Ace Salons denies the allegations in Paragraph 46 and demands strict proof thereof.

47. Ace Salons denies the allegations in Paragraph 47 and demands strict proof thereof.

48. The allegations contained in Paragraph 48 constitute a legal conclusion to which no response is required. To the extent the allegations in Paragraph 48 state that Ace Salons engaged in misconduct, the allegations are denied and Ace Salons demands strict proof thereof.

49. Ace Salons denies the allegations in Paragraph 49, including sub-paragraphs a–c, and demands strict proof thereof.

50. Ace Salons incorporates by reference its answers to Paragraphs 1–43 above as though fully set forth herein.

51. Ace Salons denies the allegations in Paragraph 51 and demands strict proof thereof.

52. Ace Salons denies the allegations in Paragraph 52 and demands strict proof thereof.

53. Ace Salons denies the allegations in Paragraph 53 and demands strict proof thereof.

54. Ace Salons denies the allegations in Paragraph 54 and demands strict proof thereof.

55. Ace Salons denies the allegations in Paragraph 55, including sub-paragraphs a and b, and demands strict proof thereof.

56. Ace Salons denies all material allegations not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Not Willful or Knowing Violation)

To the extent Ace Salons violated the TCPA, any such violations were not willful or knowing.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Party)

Plaintiff has failed to join an indispensable party or parties without whom this matter cannot proceed, including, but not limited to, any third-parties who sent text messages on Ace Salons' behalf.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim Based on Consent)

The complaint does not state a claim for relief by Plaintiff against Ace Salons because Plaintiff consented to receiving one or more text messages.

## FOURTH AFFIRMATIVE DEFENSE
### (Error)

To the extent any violation of the TCPA occurred, it resulted from a bona fide error, notwithstanding procedures reasonably adopted to avoid such error.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Reliance)

To the extent any violation of the TCPA occurred, it resulted from good faith reliance upon incorrect information offered by a person and/or entity other than Ace Salons' agent, servant, or employee.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Non-prohibited Purpose)

The complaint fails to state a claim for relief against Ace Salons because any text messages sent to Plaintiff were sent for a purpose other than those prohibited by the TCPA.

### EIGHTH AFFIRMATIVE DEFENSE
### (Violations Caused by Third Party)

To the extent a violation of the TCPA occurred, any such violations were caused by another party who sent such text messages on Ace Salons' behalf, despite Ace Salons' intent that such a third party comply with all applicable laws.

### NINTH AFFIRMATIVE DEFENSE
### (Texts Sent on Behalf of Third Party)

To the extent a violation of the TCPA occurred, any such violations were caused as a result of text messages sent on behalf of a party other than Ace Salons.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing - No Concrete Injury)

Plaintiff lacks Article III standing to prosecute this complaint as he has not suffered any concrete injury or other consequential harm.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Ace Salons demands a trial by jury on all claims so triable.

Dated: January 13, 2017

By: /s/ *Matthew E. Kohen*

Matthew E. Kohen (FL Bar #111579)
Email: mkohen@carltonfields.com
Carlton Fields Jorden Burt, P.A
100 Southeast Second Street, Suite 4200
Miami, Florida  33131
Telephone No.  (305) 530-0050
Facsimile No.  (305) 530-0055

*Attorneys for Defendant Ace Salons, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Matthew E. Kohen

**SERVICE LIST**

Jesse Winograd, Esquire
jwinograd@gowenrhoades.com
Gowen Rhoades Winograd & Silva PLLC
513 Capitol Court NE, Suite 100
Washington, DC, 20002
Phone:(202)408-5400
Fax (202) 499-1370

*Attorney for Plaintiff, Shaun Spector*

110052930.1