UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civ. A. No.: 1:16-cv-24762(Cooke/Torres)

SHAUN J. SPECTOR,

    Plaintiff,

v.

ACE SALONS, LLC d/b/a SUPERCUTS and LIME CELLULAR, LLC,

    Defendants.

-----

LIME CELLULAR, LLC,

    Third-Party Plaintiff,

v.

SYNERGY PRINT/MEDIA BROKERS, INC. and VALERIE C. RITCHIE,

    Third-Party Defendants.

**ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT**

    Defendant, Lime Cellular, LLC ("Defendant"), for its Answer to Plaintiff's Complaint, states as follows:

    1.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 4, 6, 9, 11, 19, 21, 24, 26-27, 29-30, 32-33, 35-38, 40 and 42 and those allegations are therefore denied.

    2.    Defendant denies the allegations in paragraphs 3, 18, 22-23, 25, 28, 31, 34, 41, 43, 45 and 51.

    3.    Defendant admits the allegations in paragraph 20.

    4.    Defendant admits the allegations in the first two sentences of paragraph 11 and denies the remainder of the allegations contained in that paragraph.

5. The allegations in paragraphs 1-2, 5, 7-8, 12-17, 39, 46-49 and 52-55 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. Defendant incorporates by reference its Answers to paragraphs 44 and 50 as set forth above.

## DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

### Seventh Affirmative Defense

Plaintiff's claims barred, in whole or in part, by accord and satisfaction.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the contributory and comparative negligence of Plaintiff and others.

### Ninth Affirmative Defense

Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate injury and its failure to mitigate damages.

### Eleventh Affirmative Defense

Plaintiff's claimed damages are too remote and speculative to form the basis for relief.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution or indemnity.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as Plaintiff is not the real party in interest.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by payment.

### Reservation Of Additional Defenses

Defendant reserves the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

**WHEREFORE**, Defendant demands (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Defendant be awarded its reasonable costs and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

# THIRD-PARTY COMPLAINT

## PARTIES

1. Third-Party Plaintiff Lime Cellular, LLC ("Lime") is a New Jersey limited liability company which provides a platform for businesses to engage in mobile marketing.

2. Upon information and belief, Third-Party Defendant Synergy Print/Media Brokers, Inc. is a Colorado corporation with its principal place of business located at 223 Masters Drive in Castle Rock, Colorado 80104.

3. Upon information and belief, Third-Party Defendant Valerie C. Ritchie is an individual residing at 223 Masters Drive in Castle Rock, Colorado 80104. At all relevant times, Ritchie and Synergy Print/Media Brokers, Inc. were operating as alter-egos of one another and are collectively referred to herein as "Synergy."

## FACTS

4. On or about May 30, 2012, Lime and Synergy entered into an agreement whereby Lime granted a license to Synergy to use its mobile marketing platform (the "Agreement").

5. The Agreement requires Synergy to indemnify Lime in this action.

6. Specifically, the Agreement provides:

> **7.1 Indemnification.** Lime Client shall indemnify Lime, and Lime's shareholders, members, directors, officers, employees and agents, and hold them harmless from and against any and all liabilities, losses, damages, costs and expenses (including reasonable attorneys' fees) incurred by Lime as a result of any claim made by any third party relating to Lime Client and/or any customers/clients of Lime Client. Lime Client shall defend at its sole expense any such action and shall pay any attributable to such claim, provided that Lime notifies Lime Client of the claim.

7. On or about November 20, 2016, and at numerous times thereafter, Lime made demand upon Synergy to indemnify Lime in accord with the express terms of the Agreement.

8. To date, Synergy has refused to indemnify Lime in breach of its obligations under the Agreement.

## COUNT ONE
**(Contractual Indemnity)**

9. Lime incorporates by reference the above allegations as though fully set forth herein.

10. Lime and Synergy entered into a valid, binding and enforceable contract.

11. Lime has fully performed its obligations under the contract.

12. Synergy has breached its obligations under the contract by, among other things, refusing to indemnify Lime in this action.

13. By virtue of Synergy's breaches, Lime has been harmed and damaged in an amount to be determined at trial.

## JURY DEMAND

Third-Party Plaintiff requests a trial by jury of all issues in this case.

**WHEREFORE**, Third-Party Plaintiff demands (i) an Order and Judgment granting the relief sought in the Third-Party Complaint asserted herein, (ii) that Third-Party Plaintiff be awarded its reasonable costs and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

Date: January 13th, 2017

                                                Respectfully submitted,

                                                __/s/ Jordan S. Cohen_____
                                                Jordan S. Cohen, Esquire
                                                Florida Bar No.: 551872
                                                JCohen@wickersmith.com

WICKER SMITH O'HARA McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:	(954) 847-4800
Facsimile:	(954) 760-9353


ANSELL GRIMM & AARON, P.C.

Lawrence H. Shapiro, Esq.
(*pro hac* admission pending)
Joshua S. Bauchner, Esq.
(*pro hac* admission pending)
365 Rifle Camp Road
Woodland Park, New Jersey  07424
Telephone:  (973) 247-9000
Facsimile:   (973) 247-9199

*Attorneys for Lime Cellular, LLC*